Charles H. Parks v. Commissioner.
Parks v. Commissioner
Docket No. 2250-70 SC.
United States Tax Court
T.C. Memo 1972-42; 1972 Tax Ct. Memo LEXIS 213; 31 T.C.M. (CCH) 169; T.C.M. (RIA) 72042; February 22, 1972, Filed Charles H. Parks, pro se, 3451 La Jara St., Long Beach, Calif.Allan Teplinsky, for the respondent. SACKS Memorandum Findings of Fact and Opinion SACKS, Commissioner: Respondent determined a deficiency in petitioner's Federal income tax for the taxable years 1966 and 1967 in the respective amounts of $148.50 and $110.48. The sole issue is whether petitioner is entitled to a dependency exemption for his daughter, Stephanie, for the years 1966 and 1967. Findings of Fact Petitioner is an individual who at the *214 time of filing his petition herein resided in Long Beach, California. His Federal income tax returns for the calendar years 1966 and 1967, made on the cash basis, were filed with the Internal Revenue Service Center at Ogden, Utah. Charles H. Parks, hereinafter referred to as petitioner, was married to the former Patricia L. Parks (now Patricia L. Bunn, and hereinafter referred to as Patricia) on January 9, 1955. Of this marriage there were five children, viz., Charles, Brian, Orville, Alan, and Stephanie. Sometime prior to 1963 petitioner and Patricia were divorced. Pursuant to the decree entered at that time, Patricia was awarded custody of all five of the children, and petitioner was ordered to pay the sum of $175 per month for their support. During the year 1963 petitioner sought and successfully obtained an order modifying the terms of this original decree and awarding him custody of the four boys - Charles, Brian, Orville and Alan. This modification left Patricia with custody of only Stephanie, and reduced petitioner's support payments for her to $100 per month. Thereafter, but some time prior to January 1, 1966, petitioner again sought and obtained a further modification *215 of the decree reducing his support for Stephanie to $74 per month. No other modification of the decree was made during the years here at issue. Neither the interlocutory judgment of divorce, the final decree of divorce nor any of the numerous modifications thereof provided for the taking of the dependency exemption for Stephanie by one parent or the other. 170 During all of 1966 and 1967 Stephanie lived with her mother, Patricia, except for approximately twelve weekends and Christmas in 1966 and ten weekends in 1967 during which time she stayed with her father, petitioner herein. During the year 1966 petitioner expended the following sums for Stephanie's support. Child support payments
$ 851.00
Food
105.00
Medical insurance
44.28
Birthday gift
9.00
Christmas gift 15.00
Total
$1,024.28 Approximately the same amount was expended by petitioner for Stephanie's support during 1967. The following sums were expended by Patricia and her present husband out of their community income for Stephanie's support in 1966. Food
$ 400.00
Lodging
555.00
Utilities
25.00
Clothing 382.85
Total
* $1,362.85
*216 The following schedule shows the total expenditure for Stephanie's support during 1966 from all sources. Contributed by Patricia and her present husband.
$1,362.85
Contributed by petitioner (exclusive of child sup- port).
173.28
Christmas gifts given by other Parks children 10.00
Total support from all sources for 1966
$1,546.13
Ultimate Findings of Fact Petitioner provided more than one-half of the total support for Stephanie for 1966. Petitioner provided less than $1,200 in support for Stephanie for the year 1967. Opinion The issue in this case involves a dependency exemption for the years 1966 and 1967. Since the two years straddle a change in the law regarding the "support test" for divorced parents, it will be necessary to discuss each year separately. 1. 1966 - Section 152(a) of the Internal Revenue Code of 1954, [1] which was controlling in 1966, defined a dependent as a child or other specified person, "over half of whose support * * * was received from the taxpayer." Applying this definition to the instant case, petitioner, in order to prevail must have established for 1966 both the total support expended for Stephanie *217 and that he provided over half of such support. As our Ultimate Findings show, petitioner has been successful in doing this, and we hold that he is entitled to a dependency exemption for Stephanie for 1966. 2. 1967 - Section 152(e) of the Code is the applicable statute governing taxable years beginning after December 31, 1966. Section 152(e) provides in the case of a child of divorced parents, a general rule that the parent with custody of such child is entitled to the dependency exemption. There are two exceptions to this general rule, however - one where the divorce decree separating the parents specifically provides as to which parent shall be entitled to the dependency exemption, and the other where the parent not having custody of the child establishes that he has provided more than $1,200 for the support of such child. Since we have found as a fact that neither of the decrees nor any of the modifications thereof provided for the taking by either party of Stephanie as an exemption, and as an Ultimate Fact that petitioner provided less than $1,200 for her support during 1967, neither of these exceptions *218 applies. Petitioner, not having been the custodial parent of Stephanie during 1967 is, therefore, under the general rule of section 152 (e), not entitled to an exemption for her for that year. James W. Maxwell, 57 T.C. No. 56 (filed January 27, 1972). [2]
Reviewed and adopted as the report of the Small Tax Case Division. To reflect our allowance of the dependency exemption to petitioner for 1966 and the disallowance of it to him for 1967 Decision will be entered under Rule 50. 171 Footnotes
*. This figure includes the $851.00 paid by petitioner during 1966 as child support.↩
1. All Code references herein are to the Internal Revenue Code of 1954.↩
2. See and compare David A. Prophit, 57 T.C. No.↩ 51 (filed January 19, 1972). The rationale of that case seems to be confined to its special facts - including a concession by the respondent that the taxpayer had in fact provided more than one-half of the support for the claimed dependent. Such special facts are not present herein.